IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MAGNACROSS LLC,**<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>　　　　　　　Defendant. | CIVIL ACTION NO. 2:14-cv-960<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Magnacross LLC files this Original Complaint for Patent Infringement against Samsung Electronics America, Inc., and would respectfully show the Court as follows:

## I.  THE PARTIES

1. Plaintiff Magnacross LLC ("Magnacross" or "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 5900 South Lake Forest Drive, Suite 300, McKinney, Texas 75070.

2. On information and belief, Defendant Samsung Electronics America, Inc. ("Defendant"), is a New York Corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

## II.  JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at

1

least to its substantial business in this forum, including at least a portion of the infringements alleged herein.

5. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in the State of Texas and in this District. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within the State of Texas and within this District. Defendant has committed such purposeful acts and/or transactions in the State of Texas and in this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendant has sufficient contacts with the State of Texas and this District such that this Court is a fair and reasonable venue for the litigation of this action. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts and is subject to personal jurisdiction in this District for at least the reasons identified above, including due at least to its sale of products and/or services within the State of Texas and from this District.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,917,304)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On July 12, 2005, United States Patent No. 6,917,304 ("the '304 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '304 Patent is titled "Wireless Mutliplex [*sic*] Data Transmission System." The PCT application leading to the '304 Patent was filed on April 3, 1998. A true and correct copy of the '304 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Magnacross is the assignee of all right, title and interest in the '304 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '304 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '304 Patent by Defendant.

11. **Direct Infringement.** Upon information and belief, Defendant has been and now is directly infringing at least claim 1 of the '304 patent in the State of Texas, in this District, and elsewhere in the United States, by actions comprising using smartphones, tablet computers, and similar devices to receive data transmissions from sensors in wireless mobile headsets and low energy smart devices including without limitation using Samsung Galaxy S5, Samsung Galaxy S4, Samsung Galaxy SIII, Galaxy Tab3, Galaxy Note, ATIV One 5 PC, and/or ATIV One 7 PC with (a) a wireless mobile headset including without limitation HM3300 Bluetooth Headset, HM6000 Bluetooth Headset, and/or HM1700 Bluetooth Headset and (b) a low energy smart device including without limitation activity trackers, smart watches, and proximity/locator

devices such as Samsung Galaxy Gear, which collectively perform the method of the wireless transmission of data through a communications channel from at least two data sensors to a data processor with the method comprising the step of division of the channel into sub-channels and transmitting the data from the data sensors respectively though the sub-channels accordingly; characterized by a) the step of division of the communications channel being effected asymmetrically whereby the data carrying capacities of the sub-channels are unequal; and b) the data rate required for data transmission from the local sensors differing substantially between the two sensors; and c) allocating data from the local data sensors to respective ones or groups of sub-channels in accordance with the data carrying capacities of the sub-channels.

12. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '304 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13. On information and belief, Defendant will continue its infringement of one or more claims of the '304 patent unless enjoined by the Court. Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

14. On information and belief, Defendant has had at least constructive notice of the '304 patent by operation of law, and there are no marking requirements that have not been complied with.

## VI. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 6,917,304 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 6,917,304; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 15, 2014

Respectfully submitted,

*/s/ David R. Bennett*

By: David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail: dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF MAGNACROSS LLC**